IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Michael Posey, | NO. C 10-03067 JW |
| Petitioner, | **ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |
| v. | |
| Ron Barnes, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a Writ of Habeas Corpus Petition pursuant to 28 U.S.C. § 2254 challenging his detention at the California Correctional Center in Susanville, California. (Petition for Habeas Corpus, hereafter, "Petition," filed under seal.) For good cause shown, the Court orders Respondent to show cause why the Petition should not be granted.

## II. BACKGROUND

According to the Petition, this case involves the murder of Petitioner's estranged ex-wife, Elizabeth Posey on April 19, 1996. (Petition at 1.) Ms. Posey died of a bullet wound to the head after a physical confrontation. (Id.) The murder occurred when Ms. Posey was dropping their shared children off at Petitioner's home. (Id.) After a confrontation between Mr. and Ms. Posey, Mr. Posey called 911 to report that Ms. Posey had been shot. (Id. at 22.) Police arrived to find Ms. Posey dead on the floor of the kitchen. (Id.) Mr. Posey was investigated at the time of the murder, but was not arrested until nine years later on May 27, 2005. (Id. at 3.)

On June 29, 2007, the jury found Petitioner guilty of murder in violation of California Penal Code § 187. (Petition at 1.) The jury also found that Petitioner had used a firearm in violation of Penal Code § 1203.6(a)(1). (Id.) Petitioner was subsequently sentenced to 29 years to life. (Id.) Petitioner appealed, and on January 22, 2009, the California Court of Appeal, First Appellate District affirmed his conviction. (Petition at 2.) (Id.) On March 23, 2009, Petitioner filed a petition to review that decision in California Supreme Court. (Id.) The Court summarily denied the petition on April 15, 2009, without comment. (Id.) Petitioner did not petition the United States Supreme Court for writ of certiorari. (Id. at 2.)

On November 26, 2008, Petitioner filed for a writ of habeas corpus in the California Court of Appeal, First Appellate District. (Petition at 2.) On February 20, 2009, the California Court of Appeal summarily denied the petition without comment. (Id.) On March 3, 2009, Petitioner filed for a petition to review with the California Supreme Court. (Id.) On May 13, 2009, the Court summarily denied the petition without comment. (Id.)

On July 13, 2010, Petitioner filed this Petition pursuant to 28 U.S.C. § 2254(d).

### III.  DISCUSSION

**A.  Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Petitioner's Claims**

Petitioner alleges two claims: (1) deprivation of due process of law and a fair trial by the prosecution's failure to turn over material and exculpatory evidence and witnesses in violation of Brady v. Maryland, 373 U.S. 83 (1963); (2) ineffective assistance of counsel. (Petition at 5-20.)

Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondent.

Accordingly, the Court ORDERS Respondent to show cause why Petitioner's Petition for a Writ of Habeas Corpus should not be granted. Additionally, Petitioner's Petition is presently under seal by a prior Order of the Court based on the representation that the Petition was sealed by the state court. In its Response, Respondent shall address the issue of whether the Petition should remain under seal in federal court.

### IV. CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the Petition and all attachments upon Respondent and Respondent's attorneys, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on the Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within

3

**thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

5. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." Petitioner must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: September 2, 2010

JAMES WARE
United States District Judge

4

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Dylan L. Schaffer dylan@dylanschaffer.com

3   **Dated: September 2, 2010**        **Richard W. Wieking, Clerk**

                    **By:  /s/ JW Chambers**
                        **Elizabeth Garcia**
                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California